GARY M. RESTAINO
United States Attorney
District of Arizona
MICHAEL R. LIZANO
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: michael.perez-lizano@usdoj.gov
Attorneys for Plaintiff



_____ FILED _____ LODGED
_____ RECEIVED _____ _____ COPY

MAY - 2, 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR No. 22-8794-JCH(DTF) |
| Plaintiff, | Mag. No. 20-03139 (DTF) |
| vs. | |
| Luis Salvador Flores, (TYN) | PLEA AGREEMENT |
| Defendant. | |

The United States of America and the defendant, Luis Salvador Flores, agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to an Information, charging the defendant with a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), Possession of Firearms by a Convicted Felon, a felony offense. In exchange for the defendant's guilty plea on the terms and conditions herein, the United States agrees not to pursue additional charges arising out of the events described in the November 18, 2020 Complaint, ECF No. 1, filed in the above-captioned case, which include charges under Titles 18 and 21 of the United States Code relating to controlled substance trafficking and possession of a firearm in furtherance of controlled substance trafficking.

///

///

## ELEMENTS OF THE CRIME

The essential elements of Possession of a Firearm by a Convicted Felon are that:

(A) The defendant knowingly possessed a firearm;

(B) At the time the defendant possessed the firearm, he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

(C) At the time the defendant possessed the firearm, he knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

(D) The firearm affected commerce in that it was previously transported into the State of Arizona from another state or foreign country.

## STIPULATIONS, TERMS AND AGREEMENTS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

<u>Maximum Penalties</u>: The defendant understands and agrees that the maximum penalties for the offense to which he is pleading guilty are a fine of $250,000; a maximum term of ten years' imprisonment, or both imprisonment and a fine; and a maximum term of three (3) years' supervised release.

<u>Fine</u>: The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

<u>Special Assessment</u>: Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count of conviction. The special assessment is due and payable at the time the defendant enters the plea of guilty and shall be paid no later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

## Agreement Regarding Sentencing

A.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the defendant shall be sentenced to **84 months in prison.**

B. The parties further stipulate that U.S.S.G. § 2K2.1 shall be used to determine the advisory sentencing guidelines range but that the cross-referencing provision of U.S.S.G. § 2K2.1(c)(1)(A) shall not be used to determine the defendant's sentence. The parties stipulate that the applicable guideline calculations are as follows:

| | | |
|---|---|---|
| Base Offense Level | 2K2.1(a)(1) | 26 |
| Possession i/c/w other Felony Offense | 2K2.1(b)(6)(B) | +4 |
| Acceptance of Responsibility | 3E1.1(a) & (b) | -3 |
| Total Adjusted Offense Level: | | 27 |

C. The parties have the mutual option to withdraw from the plea agreement if, prior to sentencing, it is determined that the defendant is (1) subject to sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) and/or U.S.S.G. § 4B1.4; or (2) a "career offender" under U.S.S.G. §§ 4B1.1 and 4B1.2. The parties shall also have the mutual option to withdraw from the plea agreement if the Court sentences the defendant above or below 84 months' custody.

D. The defendant understands and agrees that this plea agreement contains all the terms, conditions, and stipulations regarding sentencing. If the defendant requests either by departure or variance, or if the Court authorizes, any reduction of sentence below 84 months' custody not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

E. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

F. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be

required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

G. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

<u>Agreement Regarding Property</u>

A. Defendant agrees to abandon and relinquish any and all right, title and interest he may have in:

- 1 Glock 19 9mm semi-automatic pistol (serial number BPWV176);
- 1 ATI Omni Hybrid 5.56/.223 caliber rifle (serial number NS261231);
- 2 Magpul, PMAG 30, version M2, 5.56/.223 black polymer AR-15 magazines;
- 1 ATI 5.56/.223 black plastic AR-15 magazine with "Punisher" marking;
- 1 ETS 5.56/.223 clear plastic AR-15 magazine with "Punisher" marking;
- 1 Glock 9mm pistol magazine marked with ten round capacity;
- 2 Promag 9mm pistol magazines marked with 17 round capacity;
- 42 rounds of .223 caliber ammunition;
- 43 rounds of 9mm ammunition;
- 1 pistol magazine pouch;
- 1 shoulder holster;
- 1 clip holster;
- 1 rifle sling;
- 1 rifle magazine coupler;
- 1 foregrip; and

4

- 5 magazine caps.

B. Defendant knowingly and voluntarily agrees not to file a claim, pursue any filed claims, to withdraw any filed claims, and to waive all interest in the assets listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

C. Defendant further agrees to waive his right to notice of any forfeiture proceedings involving the assets.

D. Defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure, forfeiture or destruction of the above-listed assets covered by this agreement.

E. Defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant.

### Disclosure of Information to U.S. Probation

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

A. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

B. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

C. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

D. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

### Reinstitution of Prosecution

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents, and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the sentencing benefits set forth under "Agreement Regarding Sentence" will not be offered if prosecution is re-instituted.

### Waiver of Defenses and Appeal Rights

Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed 84 months'

6

imprisonment. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be

giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

<u>Factual Basis & Sentencing Guidelines Factors</u>

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and that, if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

On November 17, 2020, I, Luis Salvador Flores, was traffic stopped by law enforcement officers in Tucson, Arizona. Officers found two firearms when they searched my vehicle: a Glock 19 9mm semi-automatic pistol (serial number BPWV176), and an ATI Omni Hybrid 5.56/.223 caliber rifle (serial number NS261231). Both firearms were manufactured outside the State of Arizona and, therefore, affected interstate or foreign commerce. I knew the firearms were in my vehicle, and I had the power and intention to control them.

Prior to November 17, 2020, I had been convicted of multiple crimes punishable by a term of imprisonment exceeding one year. I was present when I was convicted and sentenced to prison terms exceeding one year for these crimes, and I was aware that I had such convictions. At least two of these prior convictions constitute "controlled substance offenses" within the meaning of Section 4B1.2(b) of the Sentencing Guidelines.

I further admit each firearm is a "semi-automatic firearm that is capable of accepting a large-capacity magazine," within the meaning of Section 2K2.1(a)(1), comment note 2, of the Sentencing Guidelines. Seven magazines were found in close proximity to the firearms. Six of the seven magazines were capable of accepting more than 15 rounds of ammunition. Both firearms are semi-automatic.

When I was stopped by law enforcement, I was traveling to assist in the sale of methamphetamine in another part of Tucson. I was advised to bring a firearm to the transaction and my role was to oversee and provide "security" for the deal. Therefore, I admit that I possessed both firearms

9

"in connection with another felony offense," namely, aiding and abetting the distribution of methamphetamine, within the meaning of Section 2K2.1(b)(6)(B) of the Sentencing Guidelines.

_____
Date

_____
Luis Salvador Flores
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and the defendant's waiver of his right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

_____
Date

_____
Saul Huerta, Esq.
Attorney for the Defendant

/ / /

/ / /

/ / /

10

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

MICHAEL PEREZ-LIZANO    Digitally signed by MICHAEL PEREZ-LIZANO
Date: 2022.03.29 11:37:16 -07'00'

Date _____    MICHAEL R. LIZANO
Assistant U.S. Attorney

11